UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ALLSTATE INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:10 CV 181 |
| DANIEL CONTRERAS, RAUDEL CONTRERAS, MARTHA ROBLES-MOYA, and KRYSTAL GILL, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on two motions to set aside the clerk's entry of default, one filed by defendant Krystal Gill (DE # 17), and one filed by defendants Daniel Contreras, Raudel Contreras, and Martha Robles-Moya (DE # 21). For the reasons that follow, Gill's motion is granted and the remaining defendants are afforded additional time to supplement their motion with appropriate evidence.

I. BACKGROUND

In June 2007, plaintiff Allstate Insurance Company ("Allstate") issued a homeowners' insurance policy to defendants Martha Robles-Moya and Raudel Contreras. (Compl. ¶ 15.) Defendant Gill claims that she was injured on the insured property in October 2007 when Raudel and Martha's minor son, Daniel, discharged a handgun, striking her with a bullet and causing various injuries. (Compl. ¶¶ 8, 9.) Thereafter, Gill filed a civil suit in Indiana state court against Daniel and his parents. (Compl. ¶ 7.) On May 3, 2010, Allstate filed a complaint in this court, seeking a

declaratory judgment regarding its obligations, or possibly the lack thereof, under the insurance policy with regard to Gill's injuries. (DE # 1.)

The docket reveals that Raudel Contreras accepted service of process via certified United States mail on behalf of himself, his son Daniel, and Robles-Moya on May 5, 2010. (DE ## 4, 6, & 7.) Daniel Contreras was also served via certified United States mail at the Westville Correction Center, where he presently resides, on May 3, 2010. (DE # 4.) Gill was served through her attorney on May 5, 2010. (DE # 5.) No answer was filed by any defendant.

Allstate moved for clerk's entry of default against Robles-Moya and Daniel and Raudel Contreras on June 29, 2010 (DE ## 8-10), and against Gill on July 19, 2010 (DE # 14). The clerk promptly entered default against the defendants in accordance with FED. R. CIV. P. 55(a). Gill moved to set aside the entry of default (DE # 17), as did Robles-Moya and Daniel and Raudel Contreras (DE # 21).

## II. DISCUSSION

### A. The Gill Motion

The parties agree on most of the facts regarding the events leading up to the entry of default against Gill. Gill's attorney, Ray Gupta, states in his affidavit that he is a solo practitioner, and had been so for a little over a year at the time he accepted service of process regarding this matter on behalf of Gill on May 5, 2010. (DE # 17-3.) Gupta contacted Allstate's counsel to request a thirty-day extension of time in which to file an answer because, according to Gupta, his existing workload required attention and he

2

had an out-of-country vacation planned. Allstate allowed this extension, but thirty days passed and no answer was filed on behalf of Gill. In early July, Allstate, through counsel, contacted Gupta to inquire about the status of the answer and informed Gupta that Allstate had already taken steps to obtain a clerk's entry of default against the other defendants in this case because they had not answered the complaint either. Gupta told Allstate's counsel that he had only recently opened his practice and had not yet registered for this court's electronic filing system, but that he intended to do so "in the near future." (DE # 17-3 at 2.) Allstate claims that it agreed to extend the filing deadline to July 16, 2010. (DE # 22-1 at 4.) Gupta only states that Allstate agreed to "an additional extension of time," without indicating the length of the extension. (DE # 17-3 at 2.) Gupta registered for electronic filing on July 13, 2010, and "intended to file an Answer . . . shortly thereafter." (DE # 17-3 at 2.) On July 19, 2010, Allstate filed an application for clerk's entry of default against Gill. (DE # 14.)

Precisely what occurred over the course of the next 10 days is not entirely clear. Sometime after Allstate filed its application for clerk's entry of default against Gill, Gupta contacted counsel for Allstate again and asked for a third extension of time to file the answer. In response, Allstate's counsel told Gupta that the clerk had not yet entered Gill's default. The clerk then entered Gill's default on Monday, July 26, 2010. (DE # 15.) Gupta asserts that he was out of the office on matters involving another case on Thursday, July 29, and Friday, July 30, and that he did not receive notice of the clerk's entry of default until Monday, August 2, 2010. (DE # 17-3 at 3.) Gupta then filed a

motion to set aside the clerk's entry of default on August 11, 2010, via this court's electronic filing system. (DE # 17.)

FEDERAL RULE OF CIVIL PROCEDURE 55(c) states that "[t]he court may set aside an entry of default for good cause." A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). The Seventh Circuit Court of Appeals has employed a "lenient standard" in the application of RULE 55(c) and has articulated a policy of favoring trial on the merits over default judgment. *Id.* at 631; *see also C.K.S. Eng'rs Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases).[1]

    1.    *Good Cause*

Gupta's lack of familiarity with the procedures of this court is evident and appears to be the root of this problem. It is common for litigants in federal court to make agreements for an initial extension to file a responsive pleading. However, as this case shows, such agreements can become problematic when the agreement between the parties regarding the extension is not memorialized in writing. This district has fashioned a local rule to combat this problem and prevent the very situation Gupta is

---

[1] The three-element test for determining whether a court should grant a motion to set aside a *clerk's entry* of default under RULE 55(c) is the same as the test for determining whether a court should grant a motion to set aside a default *judgment* under RULE 60(b), except that the court's review of the latter type of motion is more limited and stringent. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). The court has cited to jurisprudence related to both rules in this order but has employed a lenient approach given that the present motion is made under RULE 55(c).

4

faced with today. Under Northern District of Indiana Local Rule 6.1(a), Gupta should have filed a notice with this court reciting Allstate's lack of objection to Gupta's first request for an extension to file an answer on Gill's behalf, and this first extension should have been limited to 28 days. Further, any additional requests for extensions should have been made to this court in the form of a written motion. N.D. Ind. L.R. 6.1(b). Gupta did not follow these procedures.

Nonetheless, this does not appear to be a case where either Gill or her attorney, Gupta, purposely avoided participating in this case. The Seventh Circuit Court of Appeals has held that where a party does not willfully ignore the pending litigation, but rather fails to properly abide by procedures and meet deadlines through inadvertance, the element of good cause is established. *Cracco,* 559 F.3d at 631 (citing *Passarella v. Hilton Int'l Co.,* 810 F.2d 647, 677 (7th Cir. 1987) (vacating default judgment where the record revealed no willful pattern of disregard for court's orders and rules)). This is not a case where Gill avoided service of process as a delay tactic, nor is this a situation where Gupta intentionally refused to properly litigate the case with a flippant disregard for the procedures of the court. *Cf. Davis v. Hutchins,* 321 F.3d 641, 647 (7th Cir. 2003) (finding no abuse of discretion in district court's denial of motion to set aside entry of default where attorney failed to follow numerous procedures, failed to appear at hearings, and responded to discovery requests with a handwritten note stating "You guys are pretty funny!" and a smiley face). The court finds a lack of willfulness in the

5

failure of Gill, through Gupta, to properly respond to Allstate's complaint; therefore, Gill has established the element of good cause.

    2.    *Quick Action*

The second element the court must consider in reviewing Gill's motion is whether quick action was taken to seek relief from the entry of default. The task is somewhat challenging in this instance because Gupta only partially explains the sixteen-day delay between the clerk's entry of default against his client and the filing of the motion to have that entry set aside. Gupta claims he was out of the office for 2 days beginning Thursday, July 26, and did not learn about the entry of default until Monday, August 2. However, default was entered on Monday, July 26, three full days before Gupta began attending to matters outside of the office. Gupta would have received an immediate electronic notification of the entry of default, so his attempt to justify the sixteen-day delay by referring to his out-of-town commitments is somewhat ineffective.

In any event, the court affords Gupta the benefit of the doubt in this limited circumstance given his status as a sole practitioner and finds that a sixteen-day delay is reasonable enough under the circumstances to constitute "quick action" for purposes of the RULE 55-derived test. The Seventh Circuit Court of Appeals has held that a motion to set aside entry of default filed eight days after the entry is sufficiently prompt to meet the element of quick action, *Cracco,* 559 F.3d at 631, while delays stretching into months and years will not suffice. *Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir. 1994) (delay of five weeks did not constitute quick action); *Zuelzke v. Tool Engineering Co., Inc. v. Anderson*

6

*Die Castings, Inc.,* 925 F.2d 226, 230 (7th Cir. 1991) (delay of four months "could hardly be described as prompt"); *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir. 1990) (motion filed nearly one year after answer was due was "egregiously tardy"). While Gupta could have informed the court of his intent to seek relief from the entry of default on his client's behalf sooner than he did, the delay was relatively short and caused no prejudice to Allstate, justifying a finding of "quick action" for purposes of this analysis.

### 3. *Meritorious Defense*

The final element a party must establish to justify setting aside entry of default is whether he or she has a meritorious defense. A defendant's "actual likelihood of prevailing on his defenses is not the measure of whether he has a meritorious defense . . . . A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Bieganek v. Taylor,* 801 F.2d 879, 882 (7th Cir. 1986). However, a defendant must allege "more than . . . bare legal conclusions." *Breuer Elec. Mfg. Co. v. Toronado Systs. of Am., Inc.,* 687 F.2d 182, 186 (7th Cir. 1982).

In this case, Allstate has sued to obtain a declaration that it has no duty to pay Gill under the homeowners' policy purchased by Raudel Contreras and Martha Robles-Moya for the injuries Gill sustained when Daniel Contreras discharged a gun on the insured premises. Allstate essentially alleges that the policy excludes coverage for Gill's damages because Daniel's actions were intentional and/or because Gill's damages were reasonably expected to result from Daniel's actions. (DE # 22 at 9.) Gill states that her

7

defense against Allstate's suit will be that Daniel's actions were accidental and that the exclusions in the policy do not apply. (DE # 17-1 at 10.)

Allstate states in its briefing that Daniel is now incarcerated for the conduct that resulted in Gill's injuries, a fact which Allstate believes shows the intentional nature of Daniel's act and the applicability of the exclusion. (DE # 22-1 at 9.) However, even if Allstate had supplied admissible evidence on this issue, the court's role at present is not to determine who would ultimately win the lawsuit. Rather, the court is to determine whether Gill has articulated the basis for a meritorious defense, beyond simply alleging a bare legal conclusion. *Bieganek,* 801 F.2d at 882; *Breuer,* 687 F.2d at 186.

Here, Gill has done more than baldy assert a defense that Allstate must pay Gill under the policy. Rather, Gill has asserted that Allstate must pay Gill under the policy because Daniel's actions were accidental and therefore the exclusions relied upon by Allstate are inapplicable. Allstate does not dispute that if this theory were proven and believed by a fact-finder, Gill would prevail in this lawsuit. Thus, Gill's articulation of her defense is sufficient for purposes of satisfying the "meritorious defense" element of the RULE 55-derived test for setting aside an entry of default. Gill has established the third and final element of the three-part test, *see Cracco,* 559 F.3d at 630, and has convinced this court that setting aside the default entered against her is appropriate. Accordingly, her motion is granted.

The court's decision to grant Gill's motion is not made without some hesitation. The court is cognizant of the frustration Gill's default has caused Allstate. However,

8

"[d]efault judgments are not meant for disciplining a member of the bar at the expense of a litigant's day in court." *Inryco, Inc. v. Metro. Eng'g Co., Inc.*, 708 F.2d 1225, 1234 (7th Cir. 1983). Even so, despite his status as a sole practitioner, Gupta (Gill's counsel) is expected to learn and abide by the rules and procedures of this court. Future oversights on Gupta's part will not likely be reviewed with the same spirit of leniency that this order has espoused. Gupta is encouraged to review the FEDERAL RULES OF CIVIL PROCEDURE and this district's LOCAL RULES, which are available online at http://www.innd.uscourts.gov/generalorders.asp (last accessed Apr. 28, 2011).

### B. The Robles-Moya / Contreras Motion

Defendants Robles-Moya and Daniel and Raudel Contreras have also moved to set aside the default entered against them. (DE # 21.) In support of this motion, counsel for these defendants, Mitchell Peters, submitted an affidavit in which he attests that his clients are uneducated, are not fluent in English, and misinterpreted the complaint that was served upon them as simply another filing in the separate state court action filed against them by Gill. (DE # 21-1 at 13.) Peters further attests that his clients mistakenly concluded that they did not need to respond to the document or notify Peters of their receipt of the document. Peters states that he did not know about the filing of Allstate's complaint in this court until counsel for defendant Gill contacted him and informed him of the default proceedings. (DE # 21-1 at 14.) Allstate contests Peters' assertions, arguing that the defendants seem to understand English given that their insurance application

9

was submitted in English, their insurance policy is in English, and they were served with process in this case via forms written in English. (DE # 23 at 3.)

Regardless of whether the explanation offered by defendants' attorney, Mitchell Peters, is legally sufficient to justify setting aside the defaults entered against his clients, Peters' affidavit is inadequate evidence to support the explanation. If defendants' lack of education and difficulty with the English language are the reasons for the default, *defendants* – the ones with first-hand knowledge of these facts – should provide this explanation to the court under oath in the form of an affidavit, not their attorney.

In order to encourage resolution of this matter on its merits, rather than as a result of default, *Cracco,* 559 F.3d at 631, the court affords defendants Robles-Moya and Daniel and Raudel Contreras fourteen (14) days in which to submit a supplemental filing containing sufficient evidence to support their motion to set aside default. Allstate will have ten (10) days to submit any evidence or argument in response.

## III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Gill's motion to set aside entry of default and to file an answer instanter. (DE # 17.) The court **AFFORDS** Robles-Moya and Daniel and Raudel Contreras fourteen (14) days within which to file a supplement to their motion to set aside entry of default (DE # 21), and **AFFORDS** Allstate ten (10) days to respond.

**SO ORDERED.**

Date: April 28, 2011

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT