UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:10 CV 181 ) |
| DANIEL CONTRERAS, RAUDEL CONTRERAS, MARTHA ROBLES-MOYA, and KRYSTAL GILL, | ) ) ) ) ) |
| Defendants. | ) |

### OPINION and ORDER

This matter is before the court on the motion of defendants Daniel Contreras, Raudel Contreras, and Martha Robles-Moya (referred to herein as the "defendants") to set aside a clerk's entry of default. (DE # 21.) This is the second time the court has considered this motion. The allegations on which this case is based were outlined in detail in the court's first order (DE # 24) addressing defendant's motion to set aside default, so the court will only summarize them briefly here.

### I.   BACKGROUND

Defendant Krystal Gill claims that she was injured when Raudel Contreras and Martha Robles-Moya's minor son, Daniel, discharged a handgun within their home, striking Gill with a bullet. (DE # 1 ¶¶ 8, 9.) Gill sued Daniel and his parents in state court. (*Id.* ¶ 7.) Plaintiff Allstate Insurance Company, the insurer of the home in which the injury allegedly occurred, filed a complaint in this court, seeking a declaratory

judgment regarding its obligations, or possibly the lack thereof, with regard to Gill's injuries. (*Id.*)

As the court explained in its last order, the docket reveals that defendants were properly served with process (DE ## 4, 6, & 7), but defendants did not file an answer to the complaint. Allstate moved for and received a clerk's entry of default against defendants. (DE ## 11-13.) Defendants then moved to have the entry of default set aside. (DE # 21.) In support of this motion, counsel for defendants, Mitchell Peters, submitted an affidavit in which he attested that his clients were uneducated, were not fluent in English, and misinterpreted the complaint that was served upon them as simply another filing in the separate state court action filed against them by Gill. (DE # 21-1 at 13.) Peters further attested that his clients mistakenly concluded that they did not need to respond to the document or notify Peters of their receipt of the document. Peters stated that he did not know about the filing of Allstate's complaint in this court until counsel for defendant Gill contacted him and informed him of the default proceedings. (DE # 21-1 at 14.)

This court held that the explanation offered by Peters was inadequate evidence to support the motion. The court held: "If defendants' lack of education and difficulty with the English language are the reasons for the default, *defendants* – the ones with first-hand knowledge of these facts – should provide this explanation to the court under oath in the form of an affidavit, not their attorney." (DE # 24 at 10.) The court afforded defendants additional time within which to submit a supplemental filing and plaintiff

2

time to file a response, if any. Defendants have filed supplemental affidavits (DE ## 27, 28) and plaintiff has filed a response (DE # 30). The motion is now ready for ruling.

## II. LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 55(c) states that "[t]he court may set aside an entry of default for good cause." A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630 (7th Cir. 2009). The Seventh Circuit Court of Appeals has employed a "lenient standard" in the application of RULE 55(c) and has articulated a policy of favoring trial on the merits over default judgment. *Id.* at 631; *see also C.K.S. Eng'rs Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases).[1]

## III. DISCUSSION

### A. Good Cause

Raudel Contreras and Martha Robles-Moya submitted affidavits, which they signed with the assistance of an interpreter, to supplement their motion to set aside entry of default. (DE # 27.) In his affidavit, Raudel Contreras attests that he received a 12th grade education in Mexico and is employed as a common laborer. (*Id.* at 2.) Robles-

---

[1] The three-element test for determining whether a court should grant a motion to set aside a *clerk's entry* of default under RULE 55(c) is the same as the test for determining whether a court should grant a motion to set aside a default *judgment* under RULE 60(b), except that the court's review of the latter type of motion is more limited and stringent. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). The court has cited to jurisprudence related to both rules in this order but has employed a lenient approach given that the present motion is made under RULE 55(c).

Moya similarly states, in her affidavit, that she received an 11th grade education in Mexico and is employed as a common labor. (*Id.* at 4.) Both further attest that they have a minimal ability to speak or understand English and do not read English at all. (*Id.* at 2, 4.) Both also attest that they have no knowledge of receiving plaintiff's complaint. (*Id.*)

Daniel Contreras filed an affidavit stating that he has a 9th grade education and is presently serving an eight-year sentence in the Westville Correctional Facility. (DE # 28 at 2.) He attests that he has received numerous documents from various lawyers with regard to these matters and underlying criminal matters, and that he believed he had lawyers representing him with respect to this case. (*Id.*) All of the defendants attest that any failure to act on their part was based upon their inability to understand the documents and their belief that they were represented in this matter. (DE # 27 at 2, 4; DE # 28 at 2.)

The court finds that defendants have met their burden in demonstrating good cause to set aside entry of default. Where a party does not willfully ignore the pending litigation, but rather fails to properly abide by court procedures through inadvertence, the element of good cause is established. *Passarella v. Hilton Int'l Co.*, 810 F.2d 647, 677 (7th Cir. 1987) (vacating default judgment where the record revealed no willful pattern of disregard for court's orders and rules). Further, courts have found that a lack of proficiency in English constituted good cause to set aside default where the default was an innocent mistake resulting from the language barrier. *See, e.g., Geico Cas. Co. v. Beauford,* No. 8:05-cv-697-T-24EAJ, 2006 WL 3848000, at *4 (M.D. Fla. Nov. 8, 2006);

*Equitable Life Assur. Society v. First Colonial Trust Co.,* No. 94 C 6362, 1996 WL 296592, at *2 (N.D. Ill. May 31, 1996). In this case, the court finds that defendants' default was not the result of willful disregard for the procedures of this court, but rather was due to inadvertence and, in the case of Robles-Moya and Raudel Contreras, linguistic limitations. Therefore, the court finds that defendants have adequately established the element of good cause.

      B.      **Quick Action**

The second element the court must consider in reviewing defendants' motion is whether quick action was taken to seek relief from the entry of default. In this case, defendants filed their motion to set aside default within seven days after learning of the entry of default. (DE # 21 at 3.) This seven-day delay is reasonable enough under the circumstances to constitute "quick action" for purposes of setting aside an entry of default. *Compare Cracco,* 559 F.3d at 631 (motion to set aside entry of default filed eight days after the entry is sufficiently prompt to meet the element of quick action), *with Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir. 1994) (delay of five weeks did not constitute quick action); *Zuelzke v. Tool Eng'g Co., Inc. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 230 (7th Cir. 1991) (delay of four months "could hardly be described as prompt"); *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir. 1990) (motion filed nearly one year after answer was due was "egregiously tardy"). Accordingly, defendants have established the second element of the R<span style="font-variant:small-caps">ule</span> 55-derived test.

### C. Meritorious Defense

The final element defendants must establish to justify setting aside entry of default is whether they have a meritorious defense. A defendant's "actual likelihood of prevailing on his defenses is not the measure of whether he has a meritorious defense . . . . A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Bieganek v. Taylor,* 801 F.2d 879, 882 (7th Cir. 1986). However, a defendant must allege "more than . . . bare legal conclusions." *Breuer Elec. Mfg. Co. v. Toronado Systs. of Am., Inc.,* 687 F.2d 182, 186 (7th Cir. 1982).

In this case, Allstate has sued to obtain a declaration that it has no duty to pay Gill under the homeowners' policy purchased by Raudel Contreras and Martha Robles-Moya for the injuries Gill sustained when Daniel Contreras discharged a gun on the insured premises. Allstate essentially alleges that the policy excludes coverage for Gill's damages because Daniel's actions were intentional and/or because Gill's damages were reasonably expected to result from Daniel's actions. (DE # 22 at 9.) Defendants state that their defense against Allstate's suit will be that Daniel's actions were accidental, rendering the exclusions in the policy inapplicable. (DE # 21 at 4.) Allstate does not dispute that if this theory were believed by a fact-finder, defendants would prevail in this lawsuit; thus, defendants' articulation of their defense is sufficient for purposes of satisfying the third and final element of the RULE 55-derived test for setting aside an entry of default. *See Bieganek,* 801 F.2d at 882; *Breuer,* 687 F.2d at 186.

## IV. CONCLUSION

Because defendants have satisfied all of the elements of the applicable test for setting aside an entry of default, the court **GRANTS** the motion of defendants Robles-Moya and Daniel and Raudel Contreras to set aside entry of default and to file an answer instanter. (DE # 21.)

**SO ORDERED.**

Date: September 8, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT